## Vetter's Estate.

*John M. Abbott* and *Earl W. Thompson*, for petition.
*Robert W. Archbald, Jr.*, contra.

SINKLER, J., March 13, 1931.—The question raised in the present phase of the litigation now before us grows out of a petition to which an answer has been filed, for a citation to show cause why a commission should not be issued to take the testimony of the petitioner, who is now residing in California.

A master, superseded by an auditor, was appointed and before him the petitioner appeared on April 16, 1929. His report was filed and exceptions thereto were argued before us in October, 1930. The court, in an opinion by Gest, J., recommitted the matter to the auditor for the taking of further testimony. The petitioner now desires to contradict the statements made by certain witnesses before the auditor since the order was made recommitting the matter to him. The petition should be dismissed.

Section twenty (b), 3 of the Orphans' Court Act of 1917 provides that in the case of witnesses residing outside of this Commonwealth the court *may*, on the application of any party, provide for the taking of the testimony of such witness orally before an examiner appointed by the court. The act also provides that in granting the application the court *may* impose such terms as it deems proper as to the payment of costs, etc.

Rule twelve (a) of this court sets forth the practice which must be followed pursuant to the provisions of the act of assembly. It is quite evident that the commission issues only if in the discretion of the court it is proper that the testimony should be taken in this manner, and it is not to be obtained as a matter of right on the part of any party to the proceeding. It should further be observed that it is her own testimony that the petitioner wishes to take by commission. In our judgment, if the petitioner desires to offer her further evidence, she should appear before the auditor in order that he may have the opportunity to pass upon her credibility, that he may, if he desires, examine her himself as to the matter in dispute, and that counsel for the respondents may have such opportunity.

The procedure in taking depositions as provided by the statute and the rule of this court above cited is in accord with the gradual development in equity proceedings. By the ancient method, evidence in chancery cases was taken secretly and remained sealed until publication occurred. With certain formal exceptions, such as the proof of a document, testimony was taken by commission or by an examiner appointed by the court in response to interrogatories prepared by counsel. The answers of the witness were reduced to writing. The clerk or examiner made publication by exhibiting the depositions to the parties and by giving them copies thereof. The present method of taking depositions is usually regulated by statutes and rules of court. The requirement of secrecy is no longer observed. Examination of witnesses orally is permitted under proper restrictions, and persons who are entitled to be present should not be excluded. While in some jurisdictions a party may have his commission for the taking of depositions as of right, usually, if the opposing party objects, the court exercises its discretion in relation to issuing the commission.

Generally speaking, the depositions of a nonresident party to a proceeding may be taken on his own motion or at the instance of the other party. A distinction is made between the right of a plaintiff and that of a defendant in this respect. If the former, he must make a strong showing of necessity; if the latter, he is *prima facie* entitled but not of right. This distinction is based upon sound reason, for the plaintiff has brought the proceeding, while the defendant has been compelled to join: 21 Corpus Juris, 533; 18 Corpus Juris, 598, 642; Mills *v.* Mills, 12 Ont. Pr. 473; Gray *v.* Braden, 13 Dist. R. 481; Brandon *v.* George, 4 Schuylkill, 24; Asch *v.* West Phila. Pass. Ry. Co., 4 W. N. C. 571; Sims *v.* Cooper, 27 Dist. R. 471; 47 Pa. C. C. 18; Bleakley's Estate, 28 Dist. R. 289; Vetter's Estate, 12 D. & C. 665.

The witness in the case before us is in a position relative to that of a plaintiff in a proceeding at law. She has asked that the trust created for her by

her father's will be terminated and the corpus awarded to her free of any trust.

In the exercise of our discretion, we find that the prayer of the petition should be denied, and it is so ordered.